JOSEPH J. HAUPT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OSCAR BURGI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5781, 5782.   Promulgated May 11, 1927.

BAD DEBTS.—A certain partnership account claimed as a bad debt allowed.

*Clarence L. Johnson, C. P. A.*, for the petitioners.
*L. L. Hight, Esq.*, for the respondent.

TRUSSELL: These proceedings have been brought for the redetermination of deficiencies in income taxes for the calendar year 1920 in the amount of $3,022.70 in the case of Joseph J. Haupt, and $2,882.50 in the case of Oscar Burgi, and were tried together.

The petitioners allege that the Commissioner erred in adding to the taxable income of both petitioners for the year 1920 an amount

based on the disallowance of a deduction of $30,061.02, claimed as a bad debt in the partnership return of Haupt & Burgi for the year 1920.

### FINDINGS OF FACT.

In 1903, Joseph J. Haupt and Oscar Burgi formed a partnership known as Haupt & Burgi, and engaged in the business of wholesale dealers in cheese.

The partnership built up a clientele of jobbers and retailers, among which was the W. H. Schwettman Co. since its incorporation in 1906. The partnership's dealings with the Schwettman Company were the same as its dealings with other customers—it never loaned money, but it did sell merchandise on regular credit terms.

The partnership of Haupt & Burgi held 52 per cent of the outstanding capital stock of $10,000 of the Schwettman Company. Neither partner had any other interest in the corporation. Haupt and Burgi never exercised any of the rights of stockholders nor attended any stockholders' meetings. Neither Joseph Haupt nor Oscar Burgi was officer or director, nor at any time up to 1920 managed the affairs of the Schwettman Company. W. H. Schwettman, who held 47 per cent of the stock, was president, and Albert Weltert, who held one share, was secretary, and Schwettman and Weltert were the managers and directors of the company. The Schwettman Company became Haupt & Burgi's largest distributors and prior to 1920 about 15 per cent of Haupt & Burgi's entire business was done with the Schwettman Company, which had always settled its obligations promptly.

On December 10, 1920, the Schwettman Company owed Haupt & Burgi, $34,069.31 for merchandise sold. That was a normal amount due to the large volume of business transacted between that company and the partnership.

On December 10, 1920, W. H. Schwettman called the office of Haupt & Burgi by telephone and advised Haupt that the company was being sued by Reynolds & Irwin, a creditor, but that he (Schwettman) did not know why. Haupt immediately called Reynolds & Irwin and guaranteed payment of the account if Reynolds & Irwin would suspend their suit, which was done. That was done because at that time Haupt & Burgi had no concern regarding the financial affairs or condition of the Schwettman Company. For many years prior to 1920 the Schwettman Company had been in a sound financial condition, had carried reasonable cash balances and an inventory ranging from thirty to fifty thousand dollars. Later, on the same day, W. H. Schwettman came to the office of Haupt & Burgi and announced his resignation as president of the Schwettman

Company and gave Haupt & Burgi his 47 per cent of the stock, but failed to give his reasons or any information. Within the next few days W. H. Schwettman was killed in an accident.

On December 11, 1920, Haupt & Burgi started an investigation of the Schwettman Company's accounts and at that time Weltert, the secretary and bookkeeper of the said company, disappeared and has not been heard from since. The investigation disclosed the following:

| Assets. | | Liabilities. | |
|---|---:|---|---:|
| Cash | $38.16 | Capital stock | $10,000.00 |
| Accounts receivable | 1,000.00 | Accounts payable (Haupt & Burgi) | 34,069.31 |
| Inventory | 2,500.00 | Accounts payable (others) | 18,729.31 |
| Equipment | 600.00 | Accrued wages | 195.00 |
|  | 4,138.16 |  |  |
| Deficit | 58,855.46 |  | 62,993.62 |

This situation presented to Haupt & Burgi two alternatives—(1) that of receivership for the Schwettman Company, which procedure would not have enabled Haupt & Burgi to recover the amount owing to them, or (2) to refinance the corporation and thus save that outlet for Haupt & Burgi's merchandise. The latter course was adopted. Haupt & Burgi paid some $8,000 to Reynolds & Irwin, guaranteed the payment of accounts of the other creditors, canceled the outstanding stock, 99 per cent of which Haupt & Burgi held, issued new stock for which $10,000 in cash was paid in full, and elected new officers.

During December, 1920, the Schwettman Company's debt of $34,069.31 was ascertained to be worthless and on December 31, 1920, the said debt in the amount of $30,061.02 was charged off the partnership books. None of the said amount has ever been recovered. For the years 1921 to 1925, inclusive, the Schwettman Company operated at a net deficit of $2,082.35.

The said debt of $30,061.02 was a total loss in December, 1920, and having been charged off the books was a lawful deduction from the gross income of the partnership.

> *The deficiencies will be redetermined upon 15 days' notice, under Rule 50, in accordance with the foregoing findings of fact, and judgment will be entered for the petitioner.*